IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

DENISE ALLETTO,

Plaintiff,

v.

LOYOLA UNIVERSITY MEDICAL CENTER,

Defendant.

No. 00C 7319

JUDGE GRADY

MAGISTRATE JUDGE ROSEMOND

DOCKETED NOV 2 4 2000

FILED-ED4 00 NOV 20 PM 3:15 CLERK U.S. DISTRICT COURT

COMPLAINT

Plaintiff Denise Alletto, by her attorney, James X. Bormes, complains against Defendant Loyola University Medical Center as follows

JURISDICTION and VENUE

1. This action arises under and jurisdiction is founded on the American with Disabilities Act (the "ADA"), 42 U.S.C. §12101, and 28 U.S.C. § §1331 and 1343(a)(3). Remedial measures are provided in conjunction with 42 U.S.C. §2000 et seq.

2. Plaintiff is a female, a citizen of the United States of America, and the state of Illinois. Plaintiff is entitled to all rights, privileges and immunities guaranteed to all citizens of the United States of America under the Constitution and Laws of the United States.

3. Loyola University Medical Center ("Loyola") is an employer within the meaning of the ADA and it has in excess of 300 employees. Loyola is qualified to do business within the State of Illinois.

4. All acts of unlawful employment practices occurred in this district. Venue is based on 28 U.S.C. § 1391.

**FACTS**

5. Plaintiff has had bipolar disease since 1975. Plaintiff has been hospitalized because of bipolar disease and her doctors have prescribed various medications to treat and control her disease.

6. Loyola hired Plaintiff on or about March 25, 1996 as a full time collection representative. Plaintiff informed Loyola's Out Patient Health Services Department, her department manager and her immediate supervisor when she was hired that she suffered from bipolar disease which required her to be medicated.

7. From March 25, 1996 to at least December of 1999, Plaintiff performed her duties to the satisfaction of Loyola.

8. Plaintiff's treating doctor, Elizabeth K. Arts who is a clinical psychologist, wrote a letter dated December 20, 1999 to Loyola where she recommended that in order to avoid a severe manic episode Loyola should reduce Plaintiff's workload 50% for two to three weeks. (A copy of the December 20, 1999 letter is attached as Exhibit A.) That request for accommodation was not unreasonable particularly since the period where Plaintiff would be working a reduced schedule would have been during the Christmas and New Year's holidays.

9. Loyola did not grant the accommodation Dr. Arts requested on behalf of Plaintiff. Instead, Plaintiff's manager, Chad Herringer, pressured Plaintiff not to pursue the accommodation her doctor recommended. Instead, despite the fact that Loyola knew that Plaintiff was suffering from what her doctor described as "severe job related stress

and anxiety" Loyola assigned Plaintiff to a new project which was significantly more stressful than her prior duties. Moreover, Loyola failed to adequately train Plaintiff for the new project.

10. Effective February 23, 2000, Loyola terminated Plaintiff on the grounds that Plaintiff failed to properly perform her duties with respect to the new project to which she had been assigned.

11. In March of 1999, Plaintiff filed a charge with the Equal Employment Opportunity Commission (the "EEOC") alleging Loyola discriminated against her because she suffers from bipolar disease.

12. The EEOC issued Plaintiff a Right to sue letter which plaintiff received on or about August 23, 1999. (A copy of the Right to Sue Letter is attached as Exhibit B.)

13. Plaintiff has exhausted her State and Federal administrative remedies and has standing to file this civil action against Loyola.

14. Plaintiff is a qualified individual with a permanent mental disability.

15. The ADA prohibits discrimination in employment because of an employee's disability.

16. Loyola discriminated against Plaintiff because of her disability because even though Plaintiff informed Loyola she was disabled but able to perform the essential function of her job provided she be allowed to work part time for a two to three week period and Loyola not only refused that request but it assigned Plaintiff to a new and even more stressful project and then Loyola did not adequately train Plaintiff.

17. Loyola's refusal to allow Plaintiff to work part time and then assigning her to a new and even more stressful task for which it did not properly train her demonstrated a callous disregard of her rights.

18. As a direct and proximate result of Loyola's discriminatory conduct, Plaintiff suffered a loss of professional standing, emotional pain and suffering. Lost wages and employee benefits, including tuition reimbursement for her college age son, and she will continue to lose wages and benefits in the future.

WHEREFORE, Plaintiff Denise Alletto prays for entry of an order of judgment against Defendant Loyola University Medical Center as follows:

(a) Trial by jury on the charges raised in this Complaint and those filed with the EEOC;
(b) That a declaratory judgment be issued that Plaintiff's rights have been violated as alleged herein and that the acts and practices complained of herein are unlawful and violate the ADA;
(c) Permanently enjoining Loyola University Medical Center, its agents, successors, officers, director's employees and attorneys from engaging in each of the unlawful practices, policies, customs and usages set forth herein and from continuing any and all other practices shown to be in violation of applicable law;
(d) Reactivating Plaintiff in her position with Loyola University Medical Center at her full salary, adjusted for wage increases since that time, or in the alternative awarding Plaintiff front pay;
(e) That Plaintiff be awarded her back wages and benefits, with pre and post judgment interest, actual, compensatory and punitive damages and any other damages to which Plaintiff might be entitled; liquidated damages for future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of future business opportunities and other non pecuniary losses due and owing to her;
(f) Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees; and
(g) Such equitable relief as this court deems equitable and just

**JURY DEMANDED**

Plaintiff demands a trial by jury.

DENISE ALLETTO,

By: ______________________
Her attorney

James X. Bormes
LAW OFFICE OF JAMES X. BORMES
8 South Michigan Avenue
Suit 2600
Chicago, IL 60603
312-201-0575



The Psych
Associates

December 20, 1999

Chad Herringer
LOYOLA HOSPITAL

Fax#708-216-6112

RE: DENISE ALLETTO

Denise Alletto is a patient under my care.

Denise called me today and reported that she is experiencing sereve job related stress and anxiety.

At this point in time, it is necessary to reduce stress in order to prevent a possible manic episode.

Please reduce Denise's work load to 50% and continue that work load for 2-3 weeks. I anticipate that she will be able to resume a normal work load after that.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Elizabeth K. Arts, PsyD

Elizabeth K. Arts., Psy.D.
Clinical Psychologist

EKA/klm

EXHIBIT A

SUITE 107 ● 950 N. YORK RD. ● HINSDALE, IL 60521 ● 630-986-5403
SUITE 105 ● 600 S. WASHINGTON ST. ● NAPERVILLE, IL 60540 ● 630-355-3350



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison St., Suite 2800
Chicago, IL 60661
PH: (312) 353-2713
TDD: (312) 353-2421
ENFORCEMENT FAX: (312) 886-1168
LEGAL FAX: (312) 353-8555

Denise M. Alletto
840 South 8th
LaGrange, IL 60525

Re: EEOC Charge No. 210A02356
Denise M. Alletto v. Loyola University Medical Center

Dear Ms. Alletto:

This letter is to advise you that your charge has been dismissed and you have been issued a notice of right to sue. The enclosed document entitled "Dismissal and Notice of Rights" explains that, should you wish to pursue the matter in court, you must file suit within 90 days.

It is our judgement that the evidence gathered to date is unlikely to establish a violation of the statutes we enforce. Further, this evidence, given our limited resources, does not warrant a continued investigation.

Information sheets are enclosed which describe how you can obtain a copy of your EEOC file and how you can file a lawsuit, should you wish to pursue your claim in court. If you have questions or concerns, you can reach me in writing at the address above, or by phone at (312) 353-0897.

Sincerely,

August 2, 2000
Date

Anne Hsu
Anne Hsu
Investigator

EXHIBIT B

JS 44 (Rev. 12/96)

DOCKETED NOV 2 4 20[...]

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as requi[red] by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the u[se] of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Denise Alletto

**DEFENDANTS**

Loyola University Medical Center

00C 7319

JUDGE GRADY

00 NOV 20 PM 3: 15 FILED-ED[...] CLERK U.S. DISTRICT COURT

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Cook
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
James X. Bormes
Law Office of James X. Bormes
8 South Michigan, Ste 2600
Chicago, IL 60603 312-201-0575

ATTORNEYS (IF KNOWN)

MAGISTRATE JUDGE ROSEMOND

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINT[IFF] AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to Distri[ct] Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motion to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS — Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determinatio[n] Under Equal Access to Just[ice]
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

American with Disabilities Act 42 U.S.C. 1201

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 — **DEMAND $** 75,000 — CHECK YES only if demanded in complain[t]: **JURY DEMAND:** ☒ YES ☐ NO

VIII. This case ☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case number ______ previously dismissed by Judge ______

DATE 11/20/00 SIGNATURE OF ATTORNEY OF RECORD [signature]

UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

DOCKETED
NOV 2 4 2000

In the Matter of DENISE ALLETTO
v.
LOYOLA UNIVERSITY MEDICAL CENTER

Case Number: 00C 7319

JUDGE GRADY

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

DENISE Alletto

MAGISTRATE JUDGE ROSEMOND

FILED-ED4
00 NOV 20 PM 3: 5
U.S. DISTRICT COURT

| (A) | | (B) | |
|---|---|---|---|
| SIGNATURE | [signature] | SIGNATURE | |
| NAME | James X. Bormes | NAME | |
| FIRM | LAW OFFICE OF JAMES X. BORMES | FIRM | |
| STREET ADDRESS | 8 South Michigan Avenue, Ste. 2600 | STREET ADDRESS | |
| CITY/STATE/ZIP | Chicago, IL 60603 | CITY/STATE/ZIP | |
| TELEPHONE NUMBER | 312-201-0575 | TELEPHONE NUMBER | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | 06202568 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | |
| MEMBER OF TRIAL BAR? | YES [X] NO [ ] | MEMBER OF TRIAL BAR? | YES [ ] NO [ ] |
| TRIAL ATTORNEY? | YES [X] NO [ ] | TRIAL ATTORNEY? | YES [ ] NO [ ] |
| | | DESIGNATED AS LOCAL COUNSEL? | YES [ ] NO [ ] |

| (C) | | (D) | |
|---|---|---|---|
| SIGNATURE | | SIGNATURE | |
| NAME | | NAME | |
| FIRM | | FIRM | |
| STREET ADDRESS | | STREET ADDRESS | |
| CITY/STATE/ZIP | | CITY/STATE/ZIP | |
| TELEPHONE NUMBER | | TELEPHONE NUMBER | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | |
| MEMBER OF TRIAL BAR? | YES [ ] NO [ ] | MEMBER OF TRIAL BAR? | YES [ ] NO [ ] |
| TRIAL ATTORNEY? | YES [ ] NO [ ] | TRIAL ATTORNEY? | YES [ ] NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? | YES [ ] NO [ ] | DESIGNATED AS LOCAL COUNSEL? | YES [ ] NO [ ] |

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.